UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BARRY CONCRETE, INC.**

**VERSUS**

**MARTIN MARIETTA MATERIALS, INC., ET AL**

**CIVIL ACTION**

**NO. 06-504-JJB-CN**

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, March 13, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BARRY CONCRETE, INC.**

**VERSUS**

**MARTIN MARIETTA MATERIALS, INC., ET AL**

**CIVIL ACTION**

**NO. 06-504-JJB-CN**

### REPORT AND RECOMMENDATION

This action was removed to this Court on July 14, 2006.  The pleadings removed included a Third Party Demand filed by Martin Marietta against Western World Insurance Company, Stratford Insurance Group and Percy L. Wilson d/b/a Percy Wilson Trucking.  On July 24, 2006, an Order was issued setting a scheduling conference for November 17, 2006.  On November 9, 2007, the Court cancelled the conference and entered the usual scheduling order.  The case proceeded with discovery.  On November 20, 2006, third party defendant Percy L. Wilson, represented by counsel, answered the Third Party Demand. (Dkt. # 7.)

Third party defendant Stratford Insurance Group was dismissed on February 23, 2007, and on May 14, 2008, judgment was entered in favor of third party defendant Western World Insurance Company, thereby leaving Percy L. Wilson, d/b/a Percy Wilson Trucking, as the lone third party defendant.  Later that year, on December 10, 2008, counsel for Percy Wilson filed a motion to withdraw as counsel.  On December 12, 2008, the Court granted the motion and scheduled an in Chambers status conference for February 6, 2009.  In the Order the Court specifically ordered, "Mr. Wilson is to attend this conference in person or if he has obtained new counsel, he is to inform his new counsel of this conference so that his new counsel may

1

attend on his behalf." The Court further ordered that a copy of the Order be forwarded to Mr. Wilson at his last known address of 4047 Victoria Drive, Baton Rouge, Louisiana 70812, and that Mr. Wilson keep the Court advised of his current address. A review of the docket sheet indicates that the above order was mailed to Mr. Wilson at the address listed. (Dkt. # 54.)

On February 6, 2009, the status conference was held, however Mr. Wilson failed to appear for the conference. Therefore, the Court issued an Order setting a show cause hearing for February 27, 2009, for Mr. Wilson to show why appropriate sanctions should not be imposed for failure to appear for the status conference. (Dkt. # 55.) Mr. Wilson, failed to appear when the case was called. On February 27, 2009, the Court issued an Order for another show cause hearing, for Mr. Wilson to show why appropriate sanctions should not be imposed for failure to appear for the status conference and for failure to appear for the show cause hearing scheduled for February 27, 2009. This hearing was scheduled for March 13, 2009. Mr. Wilson, again failed to appear when the case was called.[1]

In accordance with Rule 16(f)(1)(A) and (C) of the Federal Rules of Civil Procedure,[2] the Court can impose sanctions for failure to comply with the Orders of the Court and for

---

[1] The record docket sheet shows that Mr. Wilson received notice of all of these hearings through regular mail and that no returns were ever received by the Clerk. Further, there is no record of Mr. Wilson ever informing the court of a different address than what is listed on the docket sheet.

[2] Rule 16(f) Sanctions. *In General*. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
  (A) fails to appear at a scheduling or other pretrial conference;
\* \* \*
  (C) fails to obey a scheduling or other pretrial order.

2

failure to appear for a pretrial conference. In this case, Mr. Percy L. Wilson failed to comply with three (3) Orders of this Court, i.e., the Order of December 12, 2008, the Order of February 6, 2009, and the Order of February 27, 2009, and he failed to appear for the February 6, 2009, status conference. Under Rule 37(b)(2)(ii),[3] sanctions may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

### **RECOMMENDATION**

It is recommended that Third Party Defendant, Percy L. Wilson, d/b/a Percy Wilson Trucking, be sanctioned for failure to obey the Orders of the Court and for failure to appear for a pretrial conference, in accordance with Rule16(f)(1)(A) and (C) of the Federal Rules of Civil Procedure, by prohibiting him from supporting or opposing any defenses, or from introducing any evidence on his behalf.

Signed in chambers in Baton Rouge, Louisiana, March 13, 2009.

                                                                                                    _____
                                                                                                    **MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[3] Rule 37(b)(2) .... "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;..."